Ganesh Bahadur **GURUNG**, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03-72571.

United States Court of Appeals, Ninth Circuit.

Submitted on briefs Feb. 9, 2006.[*]

Decided Feb. 21, 2006.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Louis A. Gordon, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michelle E. Gorden, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, T.G. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM **

Gurung Bahadur Gurung (Gurung), a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' (BIA) decision summarily affirming the immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). When, as here, the BIA summarily affirms the IJ's decision without opinion, the IJ's decision constitutes the final agency determination. *Halaim v. INS*, 358 F.3d 1128, 1131 (9th Cir.2004). We have carefully reviewed that decision and the evidence in this case, and we deny Gurung's petition for review.

We need not determine whether substantial evidence supports the IJ's adverse credibility determination regarding Gurung's experiences with the Maoists. As discussed below, even if Gurung's testimony is fully credited, he is still not eligible for asylum, withholding of removal, or CAT relief. Likewise, Gurung's due process rights were not violated because he was not prejudiced by the IJ's and BIA's failure to consider the *New Yorker* article, which supported Gurung's testimony that the Maoists do give receipts. *See Cano–Merida v. INS*, 311 F.3d 960, 965 (9th Cir.2002). For purposes of this disposition, we assume Gurung was credible.

Giving Gurung's allegations and testimony full credibility, we conclude that substantial evidence supports the IJ's finding that Gurung failed to establish that he was a victim of past persecution. *See* 8 C.F.R. § 1208.13(b); *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Gurung asserts that he suffered past persecution by the Maoists, and he fears future persecution by them, because he refused to join them or pay them money. Persecution is an "extreme concept" that does not include every sort of offensive treatment. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). Threats of serious harm, particularly when combined with confrontation or other mistreatment, may constitute persecution. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1120–21 (9th Cir.2004). However, there is no evidence that Gurung or his family were actually threatened or physically harmed. Gurung's experiences with the Maoists simply do not rise to the level of "persecution."

Substantial evidence also supports the IJ's finding that Gurung failed to establish a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b); *Elias–Zacarias*, 502 U.S. at 481, 112 S.Ct. 812. Gurung provided no evidence that the Maoists were motivated to persecute him in the future, nor did he establish that any such

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

persecution, if it were to occur, would be on account of his alleged anti-Maoist beliefs or his membership in the social group of former British soldiers. To the contrary, the record suggests that the Maoists targeted Gurung because of his military expertise and business ownership—reasons unrelated to any political opinion or social group. As a result, the evidence is insufficient to compel a finding that Gurung has a well-founded fear of future persecution on account of a protected classification. *See Elias–Zacarias,* 502 U.S. at 481–82, 112 S.Ct. 812. Accordingly, Gurung is not eligible for asylum.

Because Gurung does not meet the requirements for asylum, he also fails to satisfy the more stringent standard for withholding of removal. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Nor did Gurung present evidence sufficient to satisfy his eligibility for CAT relief; he failed to demonstrate that he would more likely than not be subject to torture if forced to return to Nepal. *See* 8 C.F.R. § 208.16(c)(2); *Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.